UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: CR05-316-JLR |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| MOHAMUD HASSAN ALI, | ) | |
| Defendant. | ) | |

<u>Offense charged</u>:

Conspiracy to Distribute Cocaine Base and Cocaine; Possession with Intent to Distribute Cocaine Base; Possession with Intent to Distribute Cocaine

<u>Date of Detention Hearing</u>:    September 23, 2005

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

There is probable cause to believe defendant committed the drug offense charged in this case. The maximum penalty for this offense is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18

U.S.C. §3142(e). Further, the Court finds:

    (1)    The defendant represents a risk of nonappearance based on his substance abuse, unemployment, residential instability, conflicting information about where the defendant lives, and noncompliance with Department of Corrections supervision.

    (2)    The defendant represents a risk of danger based on the nature of the pending charges, criminal history, substance abuse, and history of noncompliance with supervision.

    (3)    Nothing in this record satisfactorily rebuts the presumption against release.

It is therefore ORDERED:

    (1)    Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2)    Defendant shall be afforded reasonable opportunity for private consultation with counsel;

    (3)    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

    (4)    The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this  23rd  day of September, 2005.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge