UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR05-316-JLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| MOHAMUD HASSAN ALI, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |
| | ) | |

An initial hearing on supervised release revocation in this case was scheduled before me on May 28, 2010. The United States was represented by AUSA Andrew Friedman and the defendant by Peter Camiel. The proceedings were digitally recorded.

Defendant had been sentenced on or about February 27, 2006 by the Honorable James L. Robart on a charge of Possession with Intent to Distribute Cocaine Base, and sentenced to 36 months custody, 3 years supervised release. (Dkt. 65.)

The conditions of supervised release included the standard conditions plus the requirements that defendant abstain from alcohol, participate in a substance abuse program, submit to search, provide his probation officer with financial information as requested, maintain

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

a single checking account for all transactions, provide information regarding any business interests, disclose all assets and liabilities, be prohibited from incurring new credit obligations or lines of credit, be prohibited from possessing any false identification documents, and, if deported, not re-enter the United States without permission.

On September 8, 2009, the conditions of supervised release were modified to require defendant to participate in a home confinement program with electronic monitoring for up to 90 days. (Dkt. 98.)

On February 25, 2010, defendant admitted violating the conditions of supervised release by committing the offense of negligent driving, failing to report contact with law enforcement, using marijuana, failing to notify his probation officer of a change in residence, and failing to report to his probation officer. (Dkt. 107.)  Defendant was sentenced to sixty days in custody, followed by thirty four months supervised release, and ordered to reside in a halfway house (RRC) for up to 120 days. (Dkt. 110, 111.)

In an application dated May 27, 2010 (Dkt. 112, 113), U.S. Probation Officer Jennifer J. Tien alleged the following violation of the conditions of supervised release:

1. Failing to comply with the rules and regulations of the residential reentry center (RRC) by introducing contraband (alcohol) into the facility on or about May 24, 2010, in violation of the special condition that he comply with all rules and regulations of the RRC.

Defendant was advised in full as to the charge and as to his constitutional rights.

Defendant admitted the alleged violation and waived any evidentiary hearing as to whether it occurred.

I therefore recommend the Court find defendant violated his  supervised release as

alleged, and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Robart.

Pending a final determination by the Court, defendant has been detained.

DATED this 28th day of May, 2010.

                                                  Mary Alice Theiler
                                                  United States Magistrate Judge

cc:     District Judge:         Honorable James L. Robart
        AUSA:                    Andrew Friedman
        Defendant's attorney:  Peter Camiel
        Probation officer:     Jennifer J. Tien